John J. Hebert (#010633)
Mark W. Roth (#010708)
Wesley D. Ray (#026351)
**POLSINELLI SHUGHART PC**
CityScape Plaza
One E. Washington, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: PhoenixBankruptcyECF@polsinelli.com
E-Mail: jhebert@polsinelli.com
E-Mail: mroth@polsinelli.com
E-Mail: wray@polsinelli.com

*Attorneys for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| WILLOW CREEK PARTNERS, LLC, | Case No. 2:11-bk-6060-RTBP |
| Debtor. | **DEBTOR'S LIQUIDATING PLAN OF REORGANIZATION DATED MARCH 10, 2011** |

Willow Creek Partners, LLC, debtor and debtor-in-possession in the above-captioned bankruptcy (the "Debtor"), submits to the Court and creditors of the Debtor's estate the following Liquidating Plan of Reorganization Dated March 10, 2011 (the "Plan"), pursuant to § 1121(a) of the Bankruptcy Code.

**I.  DEFINITIONS**

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined have the meanings ascribed to them in Section I of the Plan. Any term used in the Plan that is not defined in the Plan but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**Administrative Claim:** Every cost or expense of administration in the pending case, including, but not limited to, any actual and necessary expenses of preserving or disposing of the assets of the estate, any actual and necessary expenses incurred in operating any of the Debtor's business post-petition and all Claims approved under § 507(a)(1) of the Bankruptcy Code, including professional fees and costs approved by the Court.

**Allowed Claim:**

1. Allowed Claim shall mean a Claim:

    a. with respect to which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 of the Rules of Bankruptcy Procedure and to which no objection to the allowance of the Claim has been filed by the Debtor or any other party or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending; or

    b. Scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), Rules of Bankruptcy Procedure, and not listed as disputed, contingent, or unliquidated as to the amount.

2. An Allowed Claim shall not include un-matured or post-petition interest, penalties, fees, or costs, unless specifically stated in the Plan. Notwithstanding §502(a) of the Code and Rules 3001 and 3003, for the purposes of the Plan, a Claim shall not be an Allowed Claim unless it satisfies the definition of Allowed Claim under this Plan.

**Allowed Interest:** An Allowed Interest shall mean an interest in the Debtor held by a person or entity, as of the Effective Date, and as to which interest no objection has been made within the time allowed for the making of objections, or as to which such Interest is allowed by a final order, or an Interest as to which a timely and proper proof of interest has been filed, and as to which proof of interest no objection has been made within the time allowed for making objections.

**Allowed Priority Claim:** The Allowed Claim of a Claimant that is entitled to priority in payment under 11 U.S.C. § 507(a)(2) through (a)(8).

2785485.1

**Allowed Secured Claim:** An Allowed Claim to the extent that such Allowed Claim is secured by a lien which is unavoidable, on property in which the estate has an interest, to the extent of the value of such Creditor's interest in the estate's interest in such property as determined in light of the purpose of the valuation and of the proposed disposition and use of such property and determined as of the Petition Date.

**Allowed Unsecured Claim:** An Allowed Claim to the extent that such Allowed Claim is not secured by a lien on property in which the estate has an interest.

**Bankruptcy Code:** 11 U.S.C. § 101, *et seq*.

**Bankruptcy Court:** The United States Bankruptcy Court for the District of Arizona or any other court which may have jurisdiction over this case or any proceeding arising under, in, or relating to this case.

**Chapter 11:** Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101, *et seq*.

**Claim:** Claim means:

1. A right to payment, whether or not such right is reduced to judgment, liquidated, un liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation;

2. A right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured, or unsecured, where such right arose or accrued prior to Confirmation; or

3. A claim arising under 11 U.S.C. § 502(g).

**Claimant or Creditor:** Any person or entity that asserts a Claim.

**Confirmation:** The signing by the Court of the Confirmation Order.

**Confirmation Date:** The date upon which the Confirmation Order is entered upon the docket.

**Confirmation Order:** The Order signed by the Bankruptcy Court pursuant to 11 U.S.C. § 1129 confirming this Plan.

2785485.1

**Contingent Claim:** Any Claim for which a Proof of Claim has been filed with the Bankruptcy Court:

    1. which was not filed in a sum certain, or which has not accrued and is dependent on a future event that has not occurred and may never occur; and

    2. which has not been allowed on or before the Confirmation Date.

**Court:** The United States Bankruptcy Court for the District of Arizona, which has jurisdiction in this case.

**Debtor:** Willow Creek Partners, LLC a limited liability company organized under the laws of the State of Arizona.

**Disbursing Agent:** The Interest Holders shall act, collectively, as the Disbursing Agent and shall issue the payments and take whatever other actions are required under the Plan.

**Disclosure Statement:** The Debtor's Disclosure Statement for the Liquidating Plan of Reorganization Dated March 10, 2011, and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

**Disputed Claim:** A Claim which the Debtor listed as unliquidated, disputed, or contingent in its Schedules or to which an objection has been filed which has not been resolved by a final order of the Bankruptcy Court.

**Effective Date:** On or before 30 days from the Confirmation Date. In the event the Confirmation Order has been stayed by a court of competent jurisdiction, the Debtor may elect to delay the Effective Date pending a resolution of the order staying the Confirmation Order.

**Equity Contribution:** The contribution by the holders of Allowed Interests in the Debtor of funds in an amount sufficient to pay $3,500 to the Van Wormers on account of their Class 2-C Claim, the full amount of the Class 2-D Claim of Yavapai County, and $50,0000 to the holders of Unsecured Claims in Class 3.

**Final Order:** An order or judgment of the Bankruptcy Court which has not been stayed.

**Insider:** A person or entity within the definition contained at § 101(31) of the Bankruptcy Code.

**Interest:** Any equity interest in the Debtor as of the Effective Date.

2785485.1

**Interest Holder:** Any person or persons owning an interest in the Debtor as of the Effective Date.

**Loan:** The loan extended to the Debtor by Compass Bank, in the original principal amount of $2,340,000, pursuant to that certain Business Loan Agreement dated July 25, 2008.

**Net Proceeds:** The value remaining after costs and commissions are deducted from the sale price for any property.

**Oversecured:** The term describing the Allowed Claim of a Secured Creditor when the value of the collateral securing said Allowed Claim exceeds the amount of the debt serving as the basis for said Allowed Claim.

**Person:** Any individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

**Petition:** The original Voluntary Petition filed by the Debtor under Chapter 11.

**Petition Date:** The date on which the Petition was filed; March 10, 2011.

**Plan:** This Liquidating Plan of Reorganization Dated March 10, 2011, and any amendments or supplements thereto.

**Plan Rate:** The rate of interest referred to in the Plan, which is 4%

**Property:** That certain parcel of real property, approximately 5.5 acres in size, owned by the Debtor, located at the northwest corner of Willow Creek Road and Gail Gardner in Prescott, Arizona, and referred to generally as 905 Flora Street, Prescott, Arizona 86301.

**Pro Rata:** The ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

**PS:** Polsinelli Shughart PC, the Debtor's bankruptcy counsel.

**Reorganized Debtor:** The Debtor after the Effective Date.

**Undersecured:** The term describing the Allowed Claim of a Secured Creditor when the value of the collateral securing said Allowed Claim is less than the debt which serves as the basis of said Allowed Claim.

2785485.1

**Unliquidated:** The term describing the Allowed Claim of a Creditor when the value of the claim has not been determined or stated with finality.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

### A. Priority Claims: Class 1

1. Class 1-A consists of Allowed Priority Claims under 11 U.S.C. § 503 and § 507(a)(2) (Administrative Claims).

2. Class 1-B consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(8) (Tax Claims).

### B. Secured Claims: Class 2

1. Class 2-A consists of the Allowed Secured Claim of BBVA Compass.

2. Class 2-B consists of the Allowed Secured Claim of Donald R. Leo & Company, LTD.

3. Class 2-C consists of the Allowed Secured Claim of Mr. and Mrs. Marc Van Wormer.

4. Class 2-D consists of the Allowed Secured Claim of Yavapai County.

### C. Unsecured Claims: Class 3

Class 3 consists of Allowed Unsecured Claims against the Debtor.

### D. Interests: Class 4

Class 4 consists of the Allowed Interests in the Debtor.

## III. IMPAIRMENT OF CLASSES

Classes 1-A and 1-B are unimpaired under the Plan. All other Classes are impaired, as that term is defined in 11 U.S.C. § 1124.

## IV. TREATMENT OF CLASSES

### A. Priority Claims: Class 1

#### 1. Administrative Claims: 1-A

Unless they agree to an alternative form of treatment, the Allowed Claims of Class 1-A shall be paid in full, in cash, on or before the Effective Date, or as the same are Allowed and

6

2785485.1

ordered paid by the Court. Any Class 1-A Claim not allowed as of the Effective Date shall be paid within 5 days of its being allowed by the Court.

This Class is not impaired.

## 2. Tax Claims: 1-B

This class consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(8) which are not otherwise treated as Secured Claims herein. The Allowed Priority Claims of Class 1-B shall be paid in full, in cash, on or before the Effective Date, or as the same are Allowed and ordered paid by the Court. Any Class 1-B Claim not allowed as of the Effective Date shall be paid within 5 days of its being allowed by the Court.

This class is not impaired.

## B. Secured Claims: Class 2

### 1. Allowed Secured Claim of BBVA Compass: 2-A

This class consists of the Allowed Secured Claim of BBVA Compass ("Compass"), which the Debtor believes to be in the approximate amount of $2,340,000. This Claim derives from the Loan and is allegedly secured by a first-position lien on the Property. In conjunction with the hearing to be held on confirmation of the Plan, the Court will determine the value of the Property as of the Effective Date. On the Effective Date, in full satisfaction of Compass' Allowed Secured Claim, the Property will be conveyed to Compass by execution of a Special Warranty Deed substantially similar in form to Exhibit "B" to the Disclosure Statement. Any amount by which the Allowed Claim of Compass exceeds the value of the Property, as determined by the Court, will result in an Unsecured Claim that will be treated as part of Class 3 below.

This is an impaired class.

### 2. Allowed Secured Claim of Donald R. Leo & Company, LTD: 2-B

This Class consists of the Allowed Secured Claim of Donald R. Leo & Company, LTD ("Leo LTD") in the approximate amount of $5,000 for professional services rendered. This Claim is secured by a retainer presently held by Leo LTD in the amount of $5,000 (the "Retainer"). Commencing on the Effective Date, the Allowed Secured Claim of Leo LTD will be paid, through offset against the Retainer, in 5 equal monthly installments. Leo LTD will not receive any interest

7

2785485.1

on its Allowed Claim. Leo LTD will retain its lien in and to the Retainer until its Allowed Secured Claim has been satisfied in full.

### 3. Allowed Secured Claim of Mr. and Mrs. Marc Van Wormer: 2-C

This class consists of the Allowed Secured Claim of Mr. and Mrs. Marc Van Wormer (the "Van Wormers") in the approximate amount of $5,000 relating to the financing of certain office equipment purchased by the Debtor (the "Equipment"). This Claim is secured by a first position lien on the Equipment. On the Effective Date, the Allowed Claim of the Van Wormers will be satisfied in full by payment of $3,500 from the Equity Contribution. The Equipment will be retained by the Interest Holders for use in fulfilling their obligations as Disbursing Agent under the Plan.

This is an impaired class.

### 4. Allowed Secured Claim of Yavapai County: 2-D

This class consists of the Allowed Secured Claim of Yavapai County, Arizona (the "County"), in the approximate amount of $17,493, derived from property taxes relating to the Property which were accrued, but unpaid, as of the Petition Date. The Allowed Secured Claim of the County will be paid in full from the Equity Contribution, with interest accruing at 2% over the applicable statutory rate, on the Effective Date. Upon such payment, any lien on the Property in favor of the County will be deemed to be satisfied and released in full.

This is an impaired class.

### C. Unsecured Claims: Class 3

The Allowed Unsecured Claims in this Class will share, *pro rata*, in a distribution of the sum of $50,000, paid from the Equity Contribution, on the 60th day following the Effective Date. Upon payment to the holder thereof of a *pro rata* portion of this $50,000 distribution, each Allowed Unsecured Claim in this Class shall be deemed satisfied in full.

This is an impaired class.

### D. Interests: Class 4

The holders of Allowed Interests in the Debtor will receive nothing on account of those Interests, and the Interests will be extinguished in accordance with otherwise applicable law upon

2785485.1

completion of the payments called for under the Plan. Five days prior to the Effective Date, the holders of Allowed Interests in the Debtor will deliver the Equity Contribution to the Reorganized Debtor.

## V.   MEANS FOR EXECUTING THE PLAN

The Plan will be consummated through the conveyance of the Property to Compass, the payment to Leo LTD from the Retainer, and payment to the Van Wormers, the County, and Unsecured Creditors from the Equity Contribution.

### A.   Management

The Plan will be implemented, to the extent necessary, by the Debtor's existing management.

### B.   Disbursing Agent

The Interest Holders shall act, collectively, as the Disbursing Agent and shall issue the payments and take whatever other actions are required under the Plan.

### C.   Documentation of Plan Implementation

In the event any entity which possesses an Allowed Secured Claim, or any other lien in any of the Debtor's property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtor may record a copy of this Plan or the Confirmation Order with the appropriate governmental agency and such recordation shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan. If the Debtor deems advisable, it may obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

## VI.   EFFECT OF CONFIRMATION

Except as otherwise set forth herein, as of the Confirmation Date, any party that has held, currently holds, or may hold a Claim or other debt or liability or an Equity Interest, is permanently enjoined from taking any of the following actions on account of such Claims, debts, liabilities, or Equity Interests; (a) commencing or continuing in any manner any action or other proceeding against any property to be distributed under this Plan; (b) enforcing, attaching, collecting or

9

2785485.1

recovering in any manner any judgment, award, decree, or order against any property to be distributed under this Plan; (c) creating, perfecting, or enforcing any lien or encumbrance against any property to be distributed under this Plan; and (d) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan or the Bankruptcy Code. The Debtors will not receive a discharge under Section 1141(d)(3) of the Code.

All claims arising from, or related to, any act or omission of the Debtor, or its current and former officers, directors, employees, agents, brokers, advisors, shareholders, representatives, and professionals and their affiliates, heirs, assigns and successors, after the petition date must be brought in, and adjudicated by, the United States Bankruptcy Court for the District of Arizona. Any action brought in any forum that is not in accordance with this paragraph shall be enjoined, subject to jurisdictional limitations.

## VII. OBJECTIONS TO AND ESTIMATIONS OF CLAIMS

### A. Objections and Bar Date for Filing Objection

As soon as practicable, but in no event later than 90 days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules. Objections filed after such date will be barred.

### B. Settlement of Claims

Settlement of any objection to a Claim not exceeding $10,000 shall be permitted on the eleventh (11th) day after notice of the settlement has been provided to the Debtor, the Creditors, the settling party, and other persons specifically requesting such notice, and if on such date there is no written objection filed, such settlement shall be deemed approved. In the event of a written objection to the settlement, the settlement must be approved by the Court on notice to the objecting party.

### C. Estimation of Claims

For purposes of making distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (i) the amount, if any, determined

2785485.1

by the Court pursuant to § 502(c) of the Bankruptcy Code as an estimate for distribution purposes; (ii) an amount agreed to between the Debtor and the Claimant; or, (iii) that amount set forth as an estimate in the Plan or Disclosure Statement. Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim until such Claim is an Allowed Claim.

### D. Unclaimed Funds and Interest

Distribution to Claimants shall be mailed by the Reorganized Debtor to the Claimants at the address appearing on the master mailing matrix unless the Claimant provides the Reorganized Debtor with an alternative address. For a period of one (1) year from the date that a distribution was to be made by the Disbursing Agent but has gone uncollected by the Claimant, the Disbursing Agent shall retain any distributions otherwise distributable hereunder which remain unclaimed or as to which the Disbursing Agent has not received documents required pursuant to the Plan. Thereafter, the unclaimed funds shall be deposited in the appropriate distribution account for distribution to other Claimants entitled to participate in such respective fund.

## VIII. NON-ALLOWANCE OF PENALTIES AND FINES

No distribution shall be made under this Plan on account of, and no Allowed Claim, whether Secured, Unsecured, Administrative, or Priority, shall include, any fine, penalty, exemplary or punitive damages, late charges, default interest, or other monetary charges relating to or arising from any default or breach by the Debtor, and any Claim on account thereof shall be deemed disallowed, whether or not an objection is filed.

## IX. CLOSING OF CASE

Until this case is officially closed, the Reorganized Debtor will be responsible for filing pre- and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United States Trustee, in cash, pursuant to 28 U.S.C. § 1930, as amended. Pursuant to 11 U.S.C. § 1129(a)(12), all fees payable under § 1930 of Title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid, in cash, on the Effective Date.

## X. MODIFICATION OF PLAN

In addition to its modification rights under § 1127 of the Bankruptcy Code, the Debtor may amend or modify this Plan at any time prior to Confirmation without leave of the Court. The

2785485.1

Debtor may propose amendments and/or modifications of this Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtor may, with approval of the Court, as long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission, or reconcile any inconsistencies of the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes and intent of this Plan.

**XI.   JURISDICTION OF THE COURT**

The Court will retain jurisdiction until this Plan has been fully consummated for, including, but not limited to, the following purposes:

1. The classification of the Claims of any Creditors and the re-examination of any Claims which have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims. The failure by the Debtor to object to or examine any Claim for the purpose of voting shall not be deemed to be a waiver of the Debtor's rights to object to or to re-examine the Claim in whole or in part.

2. To determine any Claims which are disputed by the Debtor, whether such objections are filed before or after Confirmation, to estimate any Unliquidated or Contingent Claims pursuant to 11 U.S.C. § 502(c)(1) upon request of the Debtor or any holder of a Contingent or Unliquidated Claim, and to make determination on any objection to such Claim.

3. To determine all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtor and any other party, including but not limited to, any rights of the Debtor to recover assets pursuant to the provisions of the Bankruptcy Code.

4. The correction of any defect, the curing of any omission or any reconciliation of any inconsistencies in this Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of this Plan.

5. The modification of this Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

6. To enforce and interpret the terms and conditions of this Plan.

7. The entry of an order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor, and to impose such limitations, restrictions, terms, and conditions of such title, right, and power that this Court may deem necessary.

8. The entry of an order concluding and terminating this case.

## XII. RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to § 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any and all claims of the Debtor, except those claims specifically waived herein.

## XIII. EXECUTORY CONTRACTS

The Debtor does not believe that it is party to any executory contracts or unexpired leases, but in the event any are discovered, they are hereby rejected. Claims under § 502(g) of the Code arising as a result of the rejection of executory contracts or unexpired leases shall be filed no later than 30 days after the Confirmation Date. Any such Claims not timely filed and served shall be disallowed.

## XIV. REVESTING

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Reorganized Debtor shall be vested with all the property of the estate free and clear of all claims, liens, charges, and other interests of Creditors, arising prior to the Effective Date.

*Signatures appear on the following page*

2785485.1

DATED: March 10, 2011.

                POLSINELLI SHUGHART PC

                By: /s/ Wesley D. Ray
                    Mark W. Roth
                    Wesley D. Ray
                    CityScape Plaza
                    One E. Washington., Suite 1200
                    Phoenix, AZ 85004

*Attorneys for Debtor*

WILLOW CREEK PARTNERS, LLC

By: GISI ENTERPRISES, INC.
     Its: Manager

By: /s/ Jason J. Gisi
     Jason J. Gisi, President

14

2785485.1